The question in this case is whether the policy on which the suit is brought covered the building destroyed. By its terms the plaintiffs were insured "on their three and a half story brick building, slate roof, coped, occupied as a patent cordage manufactory, situate No. West corner of First and South Eighth streets, Williamsburgh, L.I., $1000; on their main shafting and fixtures contained therein, $1000; and on their lignum vitæ, contained *Page 273 
in cellar of said building, $1000, as described in report No. 503, B, filed in this office." The report referred to represented the northwest corner of the streets. Upon the face of this instrument the only question suggested for solution is, whether the abbreviation "No.," between the words "situate" and "street," is to be read north or number. This can scarcely be regarded as a material inquiry; for if the abbreviation really means "number," and not "north," yet the drawing in the report represents the northwest corner, and as the residue of the verbal description is not inconsistent with that representation, the whole description must be regarded as designating that corner as the location of the subject insured. Upon the face of the paper there appears neither ambiguity nor inaccuracy in locating the premises insured. The only inaccuracy, even if No. means and is to be read "number," consists in this, that the sentence is left incomplete by the number not being given.
But on attempting to find and locate on the ground the subject insured, an inaccuracy at once appears. It is there seen that the plaintiffs have one building on the northwest corner of the named streets, and another on the southwest corner, which latter was the building burned. This was occupied as a patent cordage factory, while the other was used as a block factory. Both buildings were three and a half stories, of brick, with slate roofs and coped. The southwest corner building had a cellar in which a large quantity of lignum vitæ was kept in store, and there was evidence given tending to show that under the other building there was a basement and not a cellar, and only a small quantity of lignum vitæ, to be there cut up into blocks.
The question made by the defendants is, in substance, whether the court was bound to rule that the policy was effected upon the northwest corner building. The general rule is, that where, on applying a verbal description to the *Page 274 
thing proposed as the thing described, an inaccuracy in description appears, that part of the description may be rejected, provided enough remains to designate the object with certainty. In this case, excluding from the description that part which designates the corner, sufficient remains to render certain the building to which the contract relates. The statement of the occupation, it is true, operates as a warranty, but it is none the less a marked and unmistakable descriptive particular, when it is found that it does exactly distinguish between two buildings which otherwise might bear the same description. It is of especial value, in this respect, in a contract of insurance; for although in a conveyance the exact local situation and dimensions of the land are the leading points in the consideration of the parties, in a policy of insurance the occupation, which controls to a great extent the price of the indemnity, becomes more important and more prominent. The inaccuracy in description in this case is of the same nature as would have existed if a wrong number had been given to the building, which certainly could nowhere be regarded as making the contract ineffectual. Every application of the maxim "falsademonstratio non nocet," implies that a mistake has occurred in the use of language. In all such cases the legal question is, "conceding a mistake, is the intent clear upon the whole language employed?" (Wigram on Ext. Ev., 99.) If, notwithstanding the mistake, the intent remains clear, the mistake is to be disregarded, even at law, and there is no occasion to seek a correction of the instrument by the aid of equitable principles.
Although the plaintiffs were right upon the general merits of the case, the judge seems to have committed an error in submitting to the jury, upon the evidence, the question whether a written application had been filed with the defendants and withheld by them from the jury, and instructing them that, if they so found, a presumption arose thereon against the defendants. It was specifically *Page 275 
excepted to, and nothing in the case warranted such a submission.
There must, therefore, be a new trial.
All the judges concurring,
New trial ordered.